UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ZEOLA ELLIS, III                                                                             PLAINTIFF

v.                              CASE NO. 4:08cv04235 BSM

ARKANSAS STATE HOSPITAL
and CHARLES SMITH                                                                  DEFENDANTS

## ORDER

Plaintiff Zeola Ellis, III ("Ellis") brings this suit against defendants Arkansas State Hospital ("ASH") and its administrator, Charles Smith ("Smith"), claiming hostile work environment harassment under Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000e, *et seq*. ASH and Smith now move for summary judgment [Doc. No. 22], and Ellis objects [Doc. No. 28]. For the reasons set forth below, summary judgment is granted and Ellis's claim is dismissed with prejudice.

## I. FACTS

When taken in the light most favorable to Ellis, the facts show that Ellis is a black man who is employed by ASH as a general maintenance repairman. Plaintiff's response to defendants' statement of facts ("pltf.'s resp. to defs' sof"), ¶ 1. He has held the same position since 1997. Plaintiff's brief in opposition to defendants' motion for summary judgment ("pltf.'s br. in resp. to defs' mot."), p.1. On January 28, 2008, Ellis found a noose hanging over his work station. *Id*. at p.2. He informed Smith of the incident sometime before February 3, 2008 and Smith told him to report it to Chris Ralston ("Ralston"), a detective with ASH's department of public safety. Pltf.'s resp. to defs' sof, ¶ 12.

Ellis filed a formal complaint with Ralston on February 4, 2008. Pltf.'s br. in resp. to defs' mot., p.2. At the time Ellis filed his complaint, Ralston was already investigating a similar incident that was reported by Anita Rice ("Rice"), another black employee. Pltf.'s resp. to defs' sof, ¶¶ 4, 11. Ellis, however, has not indicated that he was aware of the facts giving rise to Rice's complaint or that he was aware that Ralston was investigating that complaint.

While investigating both incidents, Ralston interviewed Ellis, Rice, Ken Honeysuckle ("Honeysuckle"), David Stillman ("Stillman"), David Blanchard ("Blanchard"), and David Ford ("Ford"). Defendants' motion for summary judgment ("defs' mot."), ASH Department of Public Safety Police Incident Report. Stillman admitted responsibility for both incidents, but said he did not intend to harass anyone. Pltf.'s br. in resp. to defs' mot., p.3; defendants' statement of facts ("defs' sof"), ¶¶ 14, 15. He asserted that he did not intend to create nooses. Defs' sof, ¶¶ 14, 15. He claimed that the knot Rice found was tied to hang Blanchard's drinking cup from a light fixture as a practical joke. *Id.* at ¶ 14. He claimed that the knot Ellis found was used by him to demonstrate knot tying to Ford. *Id.* at ¶ 15.

Ralston filed a report and closed the investigation on February 4, 2008. Pltf.'s resp. to defs' sof, ¶ 17. He concluded that no criminal conduct occurred in either incident and referred the issues back to ASH administration for any personnel action. *Id.*

Honeysuckle conducted a supervisory review of the two incidents. *Id.* at ¶ 18. He interviewed Stillman, Ellis, and Rice, and determined that "no harassment was intended or perpetrated by David Stillman." *Id.* at ¶¶ 18, 21. He did, however, find that Stillman

violated the minimum conduct standard against engaging in horseplay. *Id*. at ¶ 21. For this violation, he issued a counseling statement to Stillman and recommended "intense training and counseling." *Id*.

On March 13, 2008, Ellis filed a Complaint of Employment Discrimination with the DHS Office of Employee Relations/Office of Equal Employment ("OEO"). *Id*. at ¶ 22. The OEO reviewed the investigation files, and issued a report on April 9, 2008. *Id*. at ¶ 23. The report concluded that "the conduct of hanging two ropes/strings in the fashion of hang nooses in the Maintenance Department at ASH is substantiated as racial harassment by effect." Defs' sof, DHS Office of Equal Opportunity Memorandum, RE: Complaint of Employment Discrimination Zeola Ellis and Anita Rice vs. DBHS/ASH. The report recommended that an ASH administrative official review Stillman's actions and the actions taken in response. *Id*.

Smith conducted the further review recommended by the OEO. Pltf.'s resp. to defs' sof, ¶ 24. On April 22, 2008, Stillman was terminated for misconduct and Honeysuckle was demoted. Pltf.'s br. in resp. to defs' mot., p.3.

Ellis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 18, 2008. Pltf.'s resp. to defs' sof, ¶ 25. After reviewing the charge, the EEOC sent Ellis a notice and right to sue letter on September 30, 2008. *Id*. at ¶ 26. Ellis filed this suit on December 29, 2008. *Id*. In addition to finding a noose hanging above his work station, Ellis alleges that he has been discriminated against during his entire tenure at ASH. He does not, however, allege any other specific incidents.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's

allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . ." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III.  DISCUSSION

Summary judgment is granted because Ellis has failed to establish the elements necessary to support a claim of hostile work environment. To support a claim of discrimination based on a hostile work environment, Ellis must show that: (1) he was a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was because of his membership in the protected group; (4) the harassment

affected a term, condition, or privilege of his employment; and (5) his employer knew or should have known about the harassment but "failed to take prompt and effective remedial action." *Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 800 (8th Cir. 2003). Ellis, however, has failed to establish the fourth prong of this test.

In their motion for summary judgment, ASH and Smith admit that Ellis is a member of a protected group and that he was subjected to unwelcome harassment. They argue, however, that Ellis fails to establish the fourth and fifth elements of his claim because the harassment did not affect a term, condition or privilege of Ellis's employment and because the record is clear that ASH took prompt and effective remedial action.

ASH and Smith maintain that Title VII prohibits "discriminatory harassment so severe or pervasive as to alter the conditions of employment and create a hostile working environment." *Carter v. Chrysler Corp.*, 173 F.3d 693, 700 (8th Cir. 1999). They argue that courts apply objective and subjective standards when determining whether harassment affected a term, condition, or privilege of employment. The objective standard asks whether a reasonable person would find the working environment hostile. The subjective standard asks whether the victim actually found the working environment hostile.

Regarding the objective standard, defendants argue that a reasonable person would not find the working environment at ASH hostile. In support of this argument, they point to Stillman's explanation of the reasons why he tied the knots. They maintain a reasonable person who accepts this explanation could not find the environment hostile.

Regarding the subjective standard, defendants argue that Ellis, himself, did not find

6

the work environment hostile. In support of this argument, they point out that, during an interview that was conducted as part of the investigation, Ellis told Ralston that he "knew David Stillman didn't have a mean bone in his body." Defs' sof, ¶ 16. Additionally, ASH and Smith assert that during the same interview, Ellis insinuated that upon finding out Stillman was responsible, he no longer perceived the incident as a threat or insult to him personally.

In response, Ellis also cites to the "severe or pervasive standard," and presents examples of cases in which a hostile work environment was found to exist. He asserts that he believes the nooses were not meant as a practical joke, but rather as harassment directed against Rice and him. In support of his belief, Ellis cites *Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629, 635-636 (7th Cir. 2009), which specifically addresses the inherent harassment associated with a noose.

To satisfy the fourth element of his claim, Ellis is required to show that the harassment was "severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive." *Diaz*, 318 F.3d at 800 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Although both parties cite to this standard in their arguments, they fail to fully analyze the facts of the case under the "severe or pervasive" standard. In determining whether an environment is hostile or abusive, some circumstances to be considered are the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance." *Harris*, 510 U.S. at 23. Courts frequently find that one incident of discrimination is not sufficient to prove a hostile work environment. *See Moylan v. Maries County*, 792 F.2d 746, 749 (8th Cir. 1986). Ellis has presented one specific incident of harassment. Although there was a similar incident reported by Rice, nothing in the record indicates that Ellis was affected by it or that he had any knowledge of it until after he filed his formal complaint. As addressed above, although Ellis states that he faced discrimination throughout his employment by ASH, he has failed to present any support for these statements.

Ellis fails to present evidence establishing a genuine issue of material fact for trial. Based on the record and Eighth Circuit precedent, a reasonable jury could not find that the harassment alleged by Ellis affected a term, condition, or privilege of his employment. The fourth element of his claim of hostile work environment is not met, and summary judgment is therefore appropriate. A discussion of the fifth element of his claim is therefore unnecessary.

## IV. CONCLUSION

For the reasons set forth above, there are no issues of material fact in dispute and therefore defendants' motion for summary judgment [Doc. No. 22] is granted.

IT IS SO ORDERED this 26th day of May, 2010.

                                                */s/ Brian S. Miller*
                                                UNITED STATES DISTRICT JUDGE